UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

MICHAEL T KING,                          CASE NO.: 25-13030-djb
                                         CHAPTER 13
                                         JUDGE DEREK J BAKER
        Debtor(s).

**MOTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST X-C FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION §362 (d)**

Secured Creditor, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust X-C ("Movant"), by and through its undersigned counsel, pursuant to 11 U.S.C. §362, hereby seeks relief from the automatic stay to exercise and enforce its rights, without limitation, with respect to certain real property.  In support of this motion, Movant avers as follows:

1.      Debtor named above filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania under the above case number.

2.      Movant is the holder of a secured claim against Debtor secured only by a first mortgage lien on real estate that is the principal residence of Debtor located at 1728 Prospect Avenue, Willow Grove, PA 19090 (the "Mortgaged Premises").

3.      FCI Lender Services, Inc. services the loan on the property referenced in this motion for relief.  If the automatic stay in this case is modified, this case dismisses and/or the debtor obtains a discharge, and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant.

4.      Movant, directly or through an agent, has possession of the promissory note.  The promissory note is either made payable to Noteholder or has been duly indorsed in blank.  Noteholder is the original mortgagee, or beneficiary, or the assignee of the security instrument for the referenced loan.

5.      The filing of the aforesaid Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings by Movant to foreclose on the Mortgaged Premises.  Movant requests relief from the automatic stay to continue with the filed mortgage foreclosure action, if any, and to take the necessary action to obtain the Mortgaged Premises.

6.      Additional Respondent is the Standing Trustee appointed in this Chapter 13 proceeding.

7. Debtor has not claimed an exemption in the subject property.

8. Debtor has failed to make all post-petition monthly mortgage payments.

9. The defaults include the failure to make the following monthly payments:

| | |
|---|---|
| Payments of $754.50 from 12/1/2025 through 8/1/2026 | $6,790.50 |
| Suspense Balance | (482.00) |
| The total amount due | $6,308.50 |

10. The Fair Market Value of the Mortgaged Premises is $230,720.00, as per Debtor's Schedules.  Movant reserves the right to secure an independent appraisal of the Mortgaged Property. The approximate amount necessary to payoff the loan is $97,344.53 good through 4/28/2026. The breakdown of the payoff is as follows:

| | |
|---|---|
| Principal Balance | $58,503.97 |
| Accrued Interest | $8,530.35 |
| Escrow Balance | $1,599.60 |
| Unpaid Loan Charges or Advances | $28,867.11 |
| Payoff Charges | $325.00 |
| Suspense Balance | ($482.00) |

11. Movant's interests are being immediately and irreparably harmed.  Movant is entitled to relief, from the automatic stay, pursuant to either 11 U.S.C. § 362 (d)(1) or (d)(2), because of the foregoing default and because:

a) Movant lacks adequate protection for its interests in the Mortgaged Premises by the tender of monthly payments, including amounts for escrow (taxes and insurance);

b) Debtor is reducing the amount of equity in the Mortgaged Premises by failing to tender of monthly payments, including amounts for escrow (taxes and insurance); and

c) The Mortgaged Premises are not necessary to an effective reorganization or plan.

12. Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

13. Attached is a Post-Petition Payment History signed by the Movant that sets forth the post-petition default.

14. Also attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to foreclose upon and to otherwise exercise and enforce its rights with respect to the Mortgaged Premises, (ii) awarding reasonable attorneys' fees incurred in the preparation and presentation of this motion, and (iii) granting all such other and further relief as the Court deems appropriate and necessary.

By: /s/ Christopher A. DeNardo
Christopher A DeNardo
Bar No. 78447
Diaz Anselmo & Associates, P.A.
Attorneys for Creditor
P.O. BOX 19519
Fort Lauderdale, FL 33318
Phone: (954) 564-0071
Fax:  (954) 564-9252
cdenardo@dallegal.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

MICHAEL T KING,                          CASE NO.: 25-13030-djb
                                         CHAPTER 13
                                         JUDGE DEREK J BAKER
              Debtor(s).


# **O R D E R**

AND NOW, this _____ day of _____, 2026, at the
Bankruptcy Court for the Eastern District of Pennsylvania, upon the consideration of the Motion
of Movant for Relief from the Automatic Stay (the "Motion"), and the failure of Debtor to file an
answer, appear or otherwise respond to the Motion, and for good cause shown, it is

ORDERED AND DECREED that the Automatic Stay of all proceedings, as provided
under Section 362 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005
(the "Code"), 11 U.S.C. § 362, is lifted to allow Movant, or its successors, if any, to proceed with
its rights under its loan documents for the property located at 1728 Prospect Avenue, Willow
Grove, PA 19090; and it is

FURTHER ORDERED that Rule 4001(a)(3) is not applicable and Movant, or its
successors, if any, may immediately implement this order.


BY THE COURT:


_____
HONORABLE DEREK J. BAKER
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 14, 2026, a copy of the foregoing was served via the

court's ECF system on these entities and individuals who are listed on the Court's Electronic Mail

Notice List:

BRAD J. SADEK
SADEK LAW OFFICES, LLC
1500 JFK BOULEVARD
STE 220
PHILADELPHIA, PA 19102
*Attorney for Debtor(s)*

KENNETH E WEST
190 N. INDEPENDENCE MALL WEST
SUITE 701
PENNSYLVANIA, PA 19106
*Trustee*

U.S. TRUSTEE PHILADELPHIA
900 MARKET STREET
SUITE 320
PHILADELPHIA, PA 19107
*U.S. Trustee*

And by regular U.S. Mail, postage pre-paid on:

MICHAEL T KING
1728 PROSPECT AVENUE
WILLOW GROVE, PA 19090
*Debtor(s)*

By: /s/ Christopher A. DeNardo
Christopher A DeNardo
Bar No. 78447
cdenardo@dallegal.com

# EXHIBIT "A"

# FIXED RATE NOTE

JUNE 8, 2005 _____          PITTSBURGH _____          PENNSYLVANIA _____
     *Date*                                                    *City*                                                    *State*

1728 PROSPECT AVENUE, WILLOW GROVE, PA  19090 _____
                                   *(Property Address)*

## 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $   70,000.00      (this amount is called "Principal"), plus interest, to the order of the Lender.  The Lender is _____
WELLS FARGO BANK, N.A.
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid.  I will pay interest at a yearly rate of   6.375 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.  PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the first day of each month beginning on   AUGUST 1, 2005 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied  as of its scheduled due date and will be applied to interest before Principal.

If, on JULY 1, 2035 _____ , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at  WELLS FARGO BANK, N.A. _____
P.O. BOX 10304, DES MOINES, IA  50306-0304 _____
or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $       436.71

## 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge.  The Note Holder will use all of my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED            NOTE - Single Family - FNMA/FHLMC UNIFORM INSTRUMENT          FORM 3200 1/01
                                            1 of 3                                      EC011L  REV. 04/19/02

*SDW*

## 5.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of  15 calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be   5.000% of my overdue payment of principal and interest.  I will pay this late charge promptly but only once on each late payment.

### (B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses include, for example, reasonable attorney's fees.

## 7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  The Note Holder may enforce its rights under this Note against each person individually or against all of us together.  This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor.  "Presentment" means the right to require the Note Holder to demand payment of amounts due.  "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

MULTISTATE FIXED                     NOTE - Single Family - FNMA/FHLMC UNIFORM INSTRUMENT              FORM 3200 1/01
                                                      2 of 3                                          EC011L  REV. 04/19/02

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Sylvia D Washington_ (Seal)
SYLVIA D WASHINGTON          -Borrower

(Sign Original Only)

WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.
BY _Joan M Mills_
Joan M. Mills, Vice President

# EXHIBIT "B"

MOR BK11498-1344　　　　　　　　　　MG-MORTGAGE
2005085328　　06/22/2005 10:20:27 AM 1
RCD FEE: $106.50

███████████████████████████

MONTGOMERY
COUNTY ROD

NANCY BECKER ROD

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
30-00-54816-00-9　ABINGTON
1728 PROSPECT AVE
WASHINGTON SYLVIA D
B 127　U 029 L　　　1101　DATE: 06/22/05

Prepared by:
**JEFFREY LAUGHLIN**
**WELLS FARGO BANK, N.A.**
**811 CAMP HORNE RD ST 210**
**PITTSBURGH, PA　15237-**

~~Return To:~~
**WELLS FARGO BANK, N.A.**
**FINAL DOCUMENTS X470**
**1000 BLUE GENTIAN ROAD**
**EAGAN, MN　55121-1663**

███████████████████████

after recording return to
DIRECT SETTLEMENT SERVICES
300 PENN CENTER BLVD.
SUITE 303
PITTSBURGH, PA　15235

―――――――― Space Above This Line For Recording Data ――――――――

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated **JUNE 8, 2005** together with all Riders to this document.

**(B) "Borrower"** is

**SYLVIA D WASHINGTON, UNMARRIED**

Borrower is the mortgagor under this Security Instrument.

**(C) "Lender"** is **WELLS FARGO BANK, N.A.**

Lender is a **National Association**
organized and existing under the laws of　**THE UNITED STATES OF AMERICA**

PENNSYLVANIA- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT　　　　FORM 3039　　1/01
Page 1 of 18　　Initials: _SDW_　　　　　　　　　　　　　　　　　SPA01A　　Rev 12/01/04

https://imaging-prod.wellsfargo.com/ivaas/docViewer.htm　　　　　　　　　　　　3/23/2021

Lender's address is
**P. O. BOX 5137, DES MOINES, IA  50306-5137**
Lender is the mortgagee under this Security Instrument.
**(D) "Note "** means the promissory note signed by Borrower and dated **JUNE 8, 2005**
The Note states that Borrower owes Lender **SEVENTY THOUSAND AND NO/100**
Dollars
(U.S. $ ......**70,000.00**...........) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than  **JULY 1, 2035**
**(E) "Property"** means the property that is described below under the heading "Transfer of
Rights in the Property."
**(F) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges
and late charges due under the Note, and all sums due under this Security Instrument, plus
interest.
**(G) "Riders"** means all Riders to this Security Instrument that are executed by Borrower.
The following Riders are to be executed by Borrower [check box as applicable]:

- [ ] Adjustable Rate Rider
- [ ] Balloon Rider
- [ ] VA Rider
- [ ] Condominium Rider
- [ ] Planned Unit Development Rider
- [ ] Biweekly Payment Rider
- [ ] Second Home Rider
- [ ] 1-4 Family Rider
- [ ] Other(s) [specify]

**(H) "Applicable Law"** means all controlling applicable federal, state and local statutes,
regulations, ordinances and administrative rules and orders (that have the effect of law) as
well as all applicable final, non-appealable judicial opinions.
**(I) "Community Association Dues, Fees, and Assessments"** means all dues, fees,
assessments and other charges that are imposed on Borrower or the Property by a
condominium association, homeowners association or similar organization.
**(J) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction
originated by check, draft, or similar paper instrument, which is initiated through an
electronic terminal, telephonic instrument, computer, or magnetic tape so as to order,
instruct, or authorize a financial institution to debit or credit an account. Such term includes,
but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers
initiated by telephone, wire transfers, and automated clearinghouse transfers.
**(K) "Escrow Items"** means those items that are described in Section 3.
**(L) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or
proceeds paid by any third party (other than insurance proceeds paid under the coverages
described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation
or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or
(iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
**(M) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of,
or default on, the Loan.
**(N) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and
interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

SPA02    Rev  12/18/00              Page 2 of 18        Initials:              FORM 3039    1/01

**(O)** "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(P)** "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's convenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the     **County**                         of          **MONTGOMERY**                              :
     [Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

**SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF**

which currently has the address of
**1728 PROSPECT AVENUE**                                          [Street]
**WILLOW GROVE**                      [City], Pennsylvania    **19090**    [Zip Code]
("Property Address"):

      TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

SPA03    Rev 11/03/00              Page 3 of 18        Initials          FORM 3039    1/01

**25. Reinstatement Period.** Borrower's time to reinstate provided in Section 19 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**26. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**27. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____    _____ (Seal)
                                    SYLVIA D WASHINGTON              Borrower

_____

SPA17    Rev 12/27/00              Page 17 of 18        Initials._____        FORM 3039    1/01

**Certificate of Residence**

I, _Tara Willis_                                                 , do hereby certify that
the correct address of the within-named Mortgagee is

**P. O. BOX 5137, DES MOINES, IA  50306-5137**

Witness my hand  this     **8TH**     day of     **JUNE, 2005**

_Tara Willis_
_____
Agent of Mortgagee

**COMMONWEALTH OF PENNSYLVANIA,  MONTGOMERY**                    **County ss:**

On this, the     **8TH**     day of     **JUNE, 2005**     , before me, the undersigned
officer, personally appeared

**SYLVIA D WASHINGTON, UNMARRIED**

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged that he/she/they executed the same for the
purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires:

_____

Notary Public
_____
Title of Officer

NOTARIAL SEAL
WILLIAM J. SCHOFIELD, Notary Public
Lower Merion Twp., Montgomery County
My Commission Expires April 2, 2006

SPA18   Rev 12/27/00          Page 18 of 18      Initials _SDW_          FORM 3039   1/01

{204C1C7D-C1C4-5DEC-A4D3-C86B4CCF3751}

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, SITUATE in Abington Township, Montgomery County, Pennsylvania, and known and designated as Lot No. 530 and seven feet of the Northeast side of Lot No,. 529 on a certain Plan of Lots at Willow Grove, surveyed by Joseph W. Hunter, C.E.. and recorded in the Office for the Recording of Deeds in and for the County of Montgomery in Deed Book 403 page 500, bounded and described as one lot, as follows, to wit:

BEGINNING at a point on the Northwest side of Prospect Avenue 343 feet Northeastward from the Northeast side of Rubicam Avenue. CONTAINING in front or breadth on said Prospect Avenue 32 feet and expending Northwestward of that width in length or depth between parallel lines at right angles to said Prospect Avenue 125 feet.

BEING KNOWN AS PARCEL NUMBER: ███████████



(2005040980.PFD/2005040980/30)

**EXHIBIT "C"**

 

RECORDER OF DEEDS
MONTGOMERY COUNTY
*Jeanne Sorg*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**MTG BK 15285 PG 00417 to 00419**
INSTRUMENT # : 2021067279
RECORDED DATE: 06/10/2021 08:22:08 AM



**MONTGOMERY COUNTY ROD**

| OFFICIAL RECORDING COVER PAGE | | Page 1 of 3 |
|---|---|---|

| | | | |
|---|---|---|---|
| **Document Type:** | Mortgage Assignment | **Transaction #:** | 6335301 - 1 Doc(s) |
| **Document Date:** | 05/14/2021 | **Document Page Count:** | 2 |
| **Reference Info:** | | **Operator Id:** | dawhitner |

**RETURN TO:** (Ingeo)
WELLS FARGO BANK, N.A.
2701 WELLS FARGO WAY
MINNEAPOLIS, MN 55440-1629

**PAID BY:**
WELLS FARGO BANK NA

**\* PROPERTY DATA:**
Parcel ID #: ▮▮▮▮▮▮▮
Address:        1728 PROSPECT AVE

                PA
Municipality:   Abington Township (100%)
School District: Abington

**\* ASSOCIATED DOCUMENT(S):**
MTG BK 11498 PG 01344

**FEES / TAXES:**
Recording Fee:Mortgage
Assignment                        $80.75

**Total:**                            $80.75

MTG BK 15285 PG 00417 to 00419
Recorded Date: 06/10/2021 08:22:08 AM

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office in
Montgomery County, Pennsylvania.



Jeanne Sorg
Recorder of Deeds

Rev1 2016-01-29

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT
NOTE: If document data differs from cover sheet, document data always supersedes.
\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION

eRecorded

06/10/2021 08:22:08 AM                                                                                                                    MONTCO

***Send All Notices to Assignee***

RECORDING REQUESTED BY:
**WELLS FARGO BANK, N.A.**
**2701 WELLS FARGO WAY**
**N9408-05C**
**MINNEAPOLIS, MN 55440-1629**

WHEN RECORDED MAIL TO:
**WELLS FARGO BANK, N.A.**
**MAC: N9408-05C**
**PO BOX 1629**
**MINNEAPOLIS, MN 55440-1269**
**ATTN: ASSIGNMENT TEAM**

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
30-00-54816-00-9   ABINGTON TOWNSHIP
1728 PROSPECT AVE
WASHINGTON SYLVIA D                             $15.00
B 127  L  U 029  1101 06/07/2021               HW

## ASSIGNMENT OF MORTGAGE

For good and valuable consideration, the sufficiency of which is hereby acknowledged, **WELLS FARGO BANK, N.A. , 1 HOME CAMPUS , DES MOINES, IA 50328,** by these presents does convey, assign, transfer and set over to: **SPECIALIZED LOAN SERVICING LLC , 6200 S. QUEBEC ST. , GREENWOOD VILLAGE, CO 80111,** the following described Mortgage, with all interest, all liens, and any rights due or to become due thereon. Said Mortgage for **$70000.00** is recorded in the State of **PENNSYLVANIA,** County of **Montgomery** Official Records, dated **06/08/2005** and recorded on **06/22/2005,** as Instrument No. **2005085328** in Book No. **11498,** at Page No. **1344**
Original Mortgagor: **SYLVIA D WASHINGTON, UNMARRIED**
Original Mortgagee: **WELLS FARGO BANK, N.A.**
Property Address: **1728 PROSPECT AVENUE WILLOW GROVE, PA 19090**
PIN #: ▮▮▮▮▮▮
Date: **05/14/2021**

**WELLS FARGO BANK, N.A.**
By:

_Electronic_
_Signature_

JAY MICHAEL HALVERSON, Vice President Loan Documentation

eRecorded

06/10/2021  08:22:08 AM                                                                          MONTCO

STATE OF MN
COUNTY OF Hennepin } S.S.

On **05/14/2021** before me, **JENNIFER RAE ANDERSON**, a Notary Public, personally appeared **JAY MICHAEL HALVERSON, Vice President Loan Documentation** of **WELLS FARGO BANK, N.A.** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

JENNIFER RAE ANDERSON, Notary Public
Commission #: **20506727**
My Commission Expires: **01/31/2025**

*Electronic Notarization*

JENNIFER RAE ANDERSON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2025

I do certify that the precise address of **SPECIALIZED LOAN SERVICING LLC** is **6200 S. QUEBEC ST., GREENWOOD VILLAGE, CO 80111**

Attested By:

*Electronic Signature*

JAY MICHAEL HALVERSON, Vice President Loan Documentation
6872d4ea

**eRecorded**




**MTG BK 16138 PG 02980 to 02983**
INSTRUMENT # : 2025059227
RECORDED DATE: 10/22/2025 12:23:38 PM



RECORDER OF DEEDS
MONTGOMERY COUNTY
*Jeanne Sorg*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**MONTGOMERY COUNTY ROD**

| OFFICIAL RECORDING COVER PAGE | | Page 1 of 4 |
|---|---|---|

| | | |
|---|---|---|
| **Document Type:** Mortgage Assignment | **Transaction #:** | 7164458 - 1 Doc(s) |
| **Document Date:** 07/18/2025 | **Document Page Count:** | 3 |
| **Reference Info:** | **Operator Id:** | djohnson1 |

| | |
|---|---|
| **RETURN TO:** (Simplifile)<br>American Mortgage Investment Partners Management, LLC<br>3020 Old Ranch Parkway, Suite 180<br>Seal Beach, CA 90740<br>(562) 735-6555 | **PAID BY:**<br>AMERICAN MORTGAGE INVESTMENT PARTNERS MANAGEMENT LLC |

**\* PROPERTY DATA:**
Parcel ID #:  ▉▉▉▉▉▉▉
Address:       1728 PROSPECT AVE

                    PA
Municipality:      Abington Township (100%)
School District:   Abington

**\* ASSOCIATED DOCUMENT(S):**
MTG BK 11498 PG 01344

| **FEES / TAXES:** | | MTG BK 16138 PG 02980 to 02983 |
|---|---|---|
| Recording Fee:Mortgage<br>Assignment | $80.75 | Recorded Date: 10/22/2025 12:23:38 PM |
| **Total:** | $80.75 | I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania. |



**Jeanne Sorg**
**Recorder of Deeds**

Rev1 2016-01-29

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT
NOTE: If document data differs from cover sheet, document data always supersedes.
**\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION**

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
30-00-54816-00-9    ABINGTON TOWNSHIP
1728 PROSPECT AVE
WASHINGTON SYLVIA D                                    $15.00
B 127  L   U 029  1101 10/21/2025                         JB

# ASSIGNMENT OF MORTGAGE

Parcel: █████████

**Prepared By And
After Recording Return To:**

**DS DocSolutionUSA**

DocSolutionUSA, LLC, dba DocSolution, Inc.
2316 Southmore
Pasadena, TX 77502
713-941-4928

**DocSolutionUSA, LLC, d/b/a DocSolution, Inc. did not prepare a title search of the Property described in
the document below. The Preparer of this document makes no representation as to the status and
validity of, including, but not limited to, the title, loan history, boundary survey, property use, or zoning
regulations of the Property assigned, transferred, conveyed, released, or any other disposition of the
Property. Information herein was provided to preparer by Grantor/Grantee and/or their Agent.**
Client Id: AMIP/AOL



*FOR VALUE RECEIVED*, **NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING (FKA
SPECIALIZED LOAN SERVICING), ITS SUCCESSORS AND ASSIGNS,** whose address is c/o
New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, 55 Beattie Place, Suite 110, MS#001,
Greenville, SC  29601, does hereby assign and transfer to **WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES
TRUST X-C** forever and without recourse, whose address is c/o AMIP Management, 3020 Old Ranch
Pkwy Suite 180, Seal Beach, CA  90740, all its right, title and interest in and to the described Mortgage
executed by **SYLVIA D. WASHINGTON, UNMARRIED** to **WELLS FARGO BANK, N.A.** for
**$70,000.00** dated **6/8/2005** of record on **6/22/2005** in Book **11498**  Page **1344** at Document Number
**2005085328**, in the **MONTGOMERY** County Recorder's and/or Clerk's Office, State of
**PENNSYLVANIA.**
Property Address: 1728 Prospect Avenue, Willow Grove, PENNSYLVANIA 19090
Legal description: SEE ATTACHED EXHIBIT "A"

Township: TOWNSHIP OF ABINGTON

I certify that the address of the within named assignee is c/o AMIP Management, 3020 Old Ranch Pkwy
Suite 180, Seal Beach, CA  90740

Angie Fay Chapman
Vice President

Executed this ___JUL 1 8 2025___

**NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING (FKA SPECIALIZED LOAN SERVICING)**

By: Angie Fay Chapman
Title: Vice President


## ACKNOWLEDGMENT

STATE OF SOUTH CAROLINA

COUNTY OF _Greenville_

Before me, the undersigned officer, on this day, personally appeared Angie Fay Chapman the Vice President of NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING (FKA SPECIALIZED LOAN SERVICING), known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal this ___JUL 1 8 2025___.

_____
Notary Public in and for the State of SOUTH CAROLINA
Notary's Printed Name: Jennifer Smith
My Commission Expires: ___AUG 1 0 2030___

```
JENNIFER SMITH
Notary Public, State of South Carolina
My Commission Expires 08/10/2030
```

For $70,000.00 dated 6/8/2005

# EXHIBIT "A"

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, SITUATE in Abington Township, Montgomery County, Pennsylvania, and known and designated as Lot No 530 and seven feet of the Northeast side of Lot No, 529 on a certain Plan of Lots at Willow Grove, surveyed by Joseph W Hunter, C E, and recorded in the Office for the Recording of Deeds in and for the County of Montgomery in Deed Book 403 page 500, bounded and described as one lot, as follows, to wit
BEGINNING at a point on the Northwest side of Prospect Avenue 343 feet Northeastward from the Northeast side of Rubicam Avenue  CONTAINING in front or breadth on said Prospect Avenue 32 feet and expending Northwestward of that width in length or depth between parallel lines at right angles to said Prospect Avenue 125 feet
BEING KNOWN AS PARCEL NUMBER ███████

# EXHIBIT "D"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

  MICHAEL T KING,                          CASE NO.: 25-13030-djb
                                           CHAPTER 13
                                           JUDGE DEREK J BAKER

          Debtor(s).

                                    /

### POST-PETITION PAYMENT HISTORY
### NOTE AND MORTGAGE DATED

Recorded on June 22, 2005, in Montgomery County, PA.

Property Address:
1728 Prospect Avenue Willow Grove, PA 19090

Mortgage Servicer:
FCI Lender Services, Inc.

Post-petition mailing address for Debtor(s) to send payment:
AMIP Management
3020 Old Ranch Parkway, Suite 180
Seal Beach, CA 90740

Mortgagor(s)/Debtor(s):
Michael T King

Payments are contractually due:

Monthly ☒ Semi-monthly   ☐ Bi-weekly   ☐ Other

Each Monthly Payment is comprised of:
Principal and Interest.....   $316.61
R.E. Taxes......................   $437.89
Insurance.......................   $0.00
Late Charge....................   $0.00
**TOTAL**.........................   $754.50

**POST-PETITION DEFAULT PAYMENTS** (Petition was filed on July 30, 2025)

| Payment Amount Due | Payment Amount Due | Payment Date Received |
|---|---|---|
|  |  |  |
| 12/1/2025 | $754.50 | N/A |
| 1/1/2026 | $754.50 | N/A |
| 2/1/2026 | $754.50 | N/A |
| 3/1/2026 | $754.50 | N/A |
| 4/1/2026 | $754.50 | N/A |
| 5/1/2026 | $754.50 | N/A |
| 6/1/2026 | $754.50 | N/A |
| 7/1/2026 | $754.50 | N/A |
| 8/1/2026 | $754.50 | N/A |
| Total post-petition payments due: | $6,790.50 |  |

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: 9 as of June 19, 2026.

TOTAL AMOUNT OF POST-PETITION ARREARS: $6,790.50 as of June 19, 2026.

Dated: 8/13/26

AMIP Management
Mortgage Company  Tom French    Director, Asset Management
(Print Name and Title)

Sworn before me this 13TH day of August , 2026

Notary Public

A notary public or other officer completing
this certificate verifies only the identity of
the individual who signed the document to
which this certificate is attached, and not
the truthfulness, accuracy, or validity of that
document.

SANDRA CRIVELLO
Notary Public - California
Orange County
Commission # 2550308
My Comm. Expires Apr 14, 2030

2